### UNITED STATES DISTRICT COURT

District of New Jersey

| | |
|---|---|
| Chambers of<br>**William H. Walls**<br>District Judge<br>_____<br><br>(973) 645-2564<br>(973) 645-3436 Fax | Martin Luther King Jr.<br>Federal Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102 |

<u>NOT FOR PUBLICATION</u>

<u>MEMORANDUM</u>

<u>ORIGINAL ON FILE WITH CLERK OF COURT</u>

August 2, 2007

Appearances:

Raymond Texidor
New Jersey State Prison
#250018 SB#000399 589B
P.O. Box 861
Trenton, NJ 08625
*Pro Se*

*Attorney for Respondent*
Sara Beth Liebman
County Prosecutor's Office
32 Rahway Avenue
Elizabeth, NJ 07202

Re:  <u>Texidor v. Hendricks</u>
No. 00-1375 (WHW)
Petitioner's Motion to Re-Open Case and for Appointment of Pro Bono Counsel

Dear Litigants:

This matter comes before the Court on Petitioner's motion to re-open his case and for appointment of pro bono counsel. Pursuant to Fed. R. Civ. P. 78, the Court decides this motion without oral argument. The motion is denied.

**FACTS AND PROCEDURAL HISTORY**

On April 26, 1994, Petitioner was convicted by a jury of first degree murder contrary to N.J.S.A. § 2C:11-3 (a)(1)(2) and third degree possession of a weapon (an aluminum bat) for an unlawful purpose contrary to N.J.S.A. § 2C: 39-4(d).  He is currently incarcerated in New Jersey State Prison.

After exhausting his state remedies for post-conviction relief, on March 27, 2000 Petitioner filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. Petitioner alleged that his Sixth Amendment right to a fair trial was violated and that he received ineffective assistance of counsel.  On March 27, 2007, he was granted in forma pauperis status. On April 4, 2000, he filed an application for the appointment of pro bono counsel, which was denied by this Court.  Petitioner successfully moved for reconsideration and was granted pro bono counsel on August 2, 2000.

On August 13, 2001, this Court denied Petitioner's motion for a writ of habeas corpus and ordered that no certificate of appealability should issue.  Petitioner appealed, and on September 3, 2002, the Third Circuit affirmed this Court's ruling that no certificate of appealability should issue because Petitioner had failed to make a substantial showing of the denial of his rights.  The case was terminated on September 6, 2002.

On February 22, 2007, Petitioner sent a letter to the Court inquiring as to who was assigned to him for pro bono representation and indicating that he would like to re-open his case. The Court, by letter, informed Petitioner that a review of the docket indicated that the matter had been decided before he was appointed pro bono counsel.  The Court further informed Petitioner that to re-open his case, he would need to make a formal motion to the Court.

On June 11, 2007, Petitioner moved this Court to re-open his case and to appoint him pro

2

bono counsel. Respondent did not respond. These motions are presently before the Court.

## STANDARD

**Relief from Judgement or Order**

> Rule 60(b) provides, in relevant part:
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. P. 60(b).

## DISCUSSION

Petitioner asks this Court to re-open his petition for a writ of habeas corpus, which was denied in 2001. In support of his motion, Petitioner states that through his incarceration, he has relied on the assistance of paralegals and jailhouse lawyers to present motions and appeals to the court. According to Petitioner, despite this Court's order granting him pro bono counsel, he never received an appointment of counsel. Accordingly, Petitioner asks this Court to re-open his case at this late date and assign him counsel.

Petitioner's motion is best construed as a motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, and the Court will consider it as such. Rule 60(b)(6) is a catchall provision which states that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6).

3

The rule is clear that the motion must be made within a <u>reasonable</u> time.  <u>Id.</u>  The Third Circuit has stated "that only extraordinary, and special circumstances justify relief under Rule 60(b)(6). <u>Pridgen v. Shannon</u>, 380 F.3d 721,728 (3d Cir. 2004) (citing <u>Page v. Schweiker</u>, 786 F.2d 150, 158 (3d Cir. 1986).

     The Court does not know why Petitioner was not administratively appointed pro bono counsel by the Clerk's office.  However, in this case, the Court finds that the appointment of counsel would have been futile and would not have changed the outcome of the case.  The Court concluded, after a careful analysis of the claims before it, that no constitutional error had occurred and that no certificate of appealability was warranted.  The Circuit reached the same conclusion.

     Second, Petitioner's motion comes too late.  Although Rule 60(b)(6) does not impose a specific time line for seeking relief from a judgment, a motion must be made within a "reasonable time."  Waiting nearly six years after a final judgment has been entered to contest it is simply not reasonable.  Petitioner appealed the denial of the certificate of appealability in 2001.  Presumably he could have raised the issue of lack of counsel in 2001, or shortly thereafter, as well.  Petitioner has put forth no good reason to justify the long delay in moving the Court to re-open his case.  To simply allow parties to re-open cases years after they have been closed would upset our notion of finality.

     For the foregoing reasons, Petitioner's motion to re-open the case is denied.  Accordingly, his petition for appointment of counsel is moot.

## CONCLUSION

     It is on this 2nd day of August, 2007,

          ORDERED that Petitioner's motions are DENIED.

4

          **s/ William H. Walls**
          United States Senior District Judge